IN THE UNITED STATES DISTRICT COURT

SOUTHERN DIVISION OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JUL 1 1 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| ANDREW ROACH, | ) |
| *PLAINTIFFS* | ) |
| | ) CIVIL ACTION NO. <u>4:25-CV-03221</u> |
| V. | ) |
| COLUMBIA DEBT RECOVERY, | ) |
| *DEFENDANT* | ) |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Andrew Roach, (hereinafter referred to as "Plaintiff"), files this Amended Original Petition complaining of Columbia Debt Recovery LLC (Doing Business As, 'Genesis') (hereinafter referred to as "Defendant"). Defendant Columbia Debt Recovery LLC is in DEFAULT under Tex. R. Civ. P. and NO Answer or pleading has been filed at the time of this filing; and for cause of action(s) would respectfully show unto the Court as follows:

### I.     STATEMENT OF RELIEF SOUGHT

1. Plaintiff seeks monetary relief within the jurisdictional limits of this court.

### II.     DISCOVERY CONTROL PLAN

2. Pursuant to Rule 190.3 and 190.4 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 2.

3. Required Initial Disclosures. Pursuant Rule 194 of the Tex. R. Civ. P., Defendant is required to disclose within thirty (30) days of after filing general appearance; '.. A party that is first

served or otherwise joined after general appearance must make the initial disclosures within

thirty (30) days after being served or joined..' the information described in Rule 194. of the

Tex. R. Civ. P.

### III.   <u>PARTIES</u>

4.  Plaintiff, Andrew Roach is an individual residing in Harris County, Texas.

5.  Defendant(s), Columbia Debt Recovery LLC (Doing Business As 'Genesis'), is a limited

    liability company organized under the governing laws of the State of Washington and has it's

    headquarters at 906 SE Everett Mall Way, Suite 301, Everett, WA 98208, United States.

    Defendant may be served with process by serving its registered agent, Corporation Service

    Company, located at 300 Deschutes Way SW, Ste 208 Mc-CSC1, Tumwater, WA 98501, and/

    or wherever any authorized agent may be found.

6.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention

    that such was a "misidentification", "misnomer", and/ or  such parties were "alter egos" of

    parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be

    pierced to hold such parties properly included in the interest of justice.

### IV.   <u>JURISDICTION AND VENUE</u>

7.  This Court has personal jurisdiction, both specific and general, over Defendant and

    Defendant is amenable to service by a Texas Court. Additionally, venue is proper in Harris

    County Texas because it is the county in which all or substantial part of the events and

    omissions giving rise to Plaintiff's claims occurred in Harris County, Texas.

### V.   <u>STATEMENT OF MATERIAL FACTS</u>

8.  On or about January 2025, Defendant began reporting an alleged debt account to one or more consumer reporting agencies under Plaintiff's name without providing any evidence of a valid creditor-debtor relationship.

9.  On April 1, 2025, Plaintiff served Defendant with a Formal Cease and Desist Letter and Demand for Verification and Validation of Debt pursuant to applicable federal laws including 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1681e(b). Said notice was delivered via certified USPS and registered electronic mail. A copy of the Formal Notice that was served on the Defendant's is attached hereto, **Exhibit-A.**

10. In response, on April 30, 2025, Defendant mailed to Plaintiff a copy of a contract between "Andrew Roach" and a third party, Kennect Phoenix, ***not "Columbia Debt Recovery",*** and ***failed*** to provide any evidence that Columbia owned, was assigned, or had any lawful authority to collect on the alleged debt; and or any legal authentication of Plaintiff. A copy o the mailing envelope and the contents of what the Defendants responded to Plaintiff's Exhibit-A with on April 30, 2025, are attached hereto as, **Exhibit-B.**

11. Despite this, Defendant continued reporting the collection account monthly through the date of this Petition and continuing subsequent hereinafter, without correction, verification, or deletion. Plaintiff's redacted credit report as of June 1, 2025, attached hereto as **Exhibit-C.**

12. Defendant failed to provide required documentation **under state and federal law**, thereby exposing Plaintiff to false credit reporting, reputational harm, and denial of financial opportunities; attached hereto as, **Exhibit-D,** Plaintiff's sworn testimony that the Exhibit(c) attached hereto are all a true and correct copy of the documents.

13. Moreover, in direct response to Plaintiff's Formal Cease and Desist and Verification Demand dated April 1, 2025, Defendant, on or about April 30, 2025, mailed to Plaintiff a purported contract executed between Plaintiff, **"Andrew Roach",** and an unrelated third party, **"Kennect Phoenix"**. Critically, this instrument made *no reference* **whatsoever to Defendant, Columbia Debt Recovery, LLC,** *nor* did it reflect any assignment, sale, or lawful transfer of interest authorizing Defendant to collect or report on the alleged obligation; *nor* did it provide any sworn verification or authentication identifying Plaintiff as legally obligated to **Columbia Debt Recovery.** *(emphasis added).* **Exhibit-C.**

14. Notwithstanding the absence of such foundational documentation, Defendant **continued to report** the subject account as a derogatory collection tradeline to one or more consumer reporting agencies on a **recurring monthly basis** from **January 2025 through the present**, and upon information and belief, intends to persist in such reporting unless enjoined.

15. Defendant's continued failure to comply with Plaintiff's Formal Cease and Desist Letter—specifically, its refusal to provide the requisite legal documentation establishing ownership, assignment, or lawful authority to collect the alleged debt—constitutes a deliberate and deceptive act. Instead of complying with federal and state verification mandates, Defendant responded by producing documentation identifying an entirely separate legal entity, **Kennect Phoenix**, and subsequently sought to induce Plaintiff into performance under that unrelated agreement. This misrepresentation was sent directly to Plaintiff's legal address in **Harris County, Texas**, thereby invoking the jurisdiction of this Court.

16. As a direct and proximate result of Defendant's unlawful misreporting, and its continued refusal to verify, correct, or delete the disputed tradeline in accordance with federal and state law, **Plaintiff was denied a substantial and time-sensitive business opportunity** on or about **May 1, 2025.** Specifically, Plaintiff sought to engage in the **acquisition, sale, or transfer of a corporate entity,** the

value of which exceeded **$117,000.00**, but was ultimately declined by third-party investor(s) or an investment group upon review of Plaintiff's credit profile. Investor(s) and Investment Group(s), Jane Doe and John Doe, (hereinafter referred to as **"Interested Parties"**) redacted sworn testimony is attached hereto as Exhibit-E, testifying that the "Collection(s)" accounted reported to Plaintiff's credit report file by Defendant(s), dissolve any and all acquisition of Ariv Holdings LLC. Interested Parties swore in **Exhibit-E** to their intentions of executing such acquisition of but not limited to Ariv Holdings LLC in the amount of $117,000.00 USD and accompanied investment portfolio effective July 1, 2025, but such representation made by Defendants deterred such. **Exhibit-E.**

17. Said denial was expressly based on the negative and inaccurate credit data furnished by Defendant to one or more consumer reporting agencies. The collapse of this transaction constitutes a **material, quantifiable, and foreseeable injury** to Plaintiff's financial standing, business credibility, and overall market position, directly traceable to Defendant's statutory violations and tortious conduct. Such investor(s) and investment group(s) intend to provide sworn testimony in this Cause.

18. Plaintiff has thus suffered egregious and ongoing damages arising from Defendant's unlawful conduct, including lost business opportunities, reputational harm, and financial destabilization. **Supporting documentation** substantiating the value and terms of the declined transaction, and the correspondence relating to the denial by the investment party or parties, **will be filed under seal** in accordance with **Texas Rule of Civil Procedure 76a** to preserve confidentiality and proprietary interest. **Exhibit-E. Exhibit-A,B,C, and D.**

## VI. CAUSES OF ACTION

## COUNT I – TEXAS DEBT COLLECTION ACT § 392.001

19. Plaintiff fully incorporates herein verbatim by reference as originally stated herein, Section V. Statement of Material Facts. Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392.001 et seq.

20. This cause of action arises under the Texas Debt Collection Act (TDCA), codified at Tex. Fin. Code §§ 392.001 et seq., which prohibits debt collectors from using false, misleading, or abusive means to collect consumer debts. Plaintiff is a "consumer" under § 392.001(1), and Defendant is a "debt collector" under § 392.001(6). **Exhibit-A. Exhibit-B.**

21. Defendant knowingly violated multiple provisions of the TDCA, including but not limited to:

    a.  § 392.202, by failing to conduct an investigation and correct or delete inaccurate tradeline information after receipt of Plaintiff's written dispute on April 1, 2025;

    b.  § 392.304(a)(8), by misrepresenting the ownership, character, amount, and legal status of the alleged debt;

    c.  § 392.304(a)(19), by employing false and deceptive practices in attempting to collect a debt it did not own, and could not lawfully enforce;

22. Defendant did not produce any valid assignment, bill of sale, or other competent legal documentation evidencing its ownership or authority to collect the alleged debt. Instead, it submitted a contract involving a third party, Kennect Phoenix, in which Defendant is not named. This constitutes a per se violation of the Act and demonstrates deceptive conduct.

**23.** As a proximate result of Defendant's conduct, Plaintiff suffered economic harm, loss of a business transaction exceeding $117,000, reputational damage, and mental anguish. Plaintiff seeks actual damages, statutory damages, injunctive relief, attorneys' fees, and costs of court under Tex. Fin. Code § 392.403(a)(2), § 392.403(b). *(emphasis added).* **Exhibit-A and E.**

**24.** Plaintiff seeks judgment of this Court for actual damages, consequential damages, punitive damages, exemplary damages, prejudgment interest, and costs of Court.

## COUNT II- TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA) § 17.41

**25.** Plaintiff fully incorporates herein verbatim by reference as originally stated herein, Section V. Statement of Material Facts. Texas Deceptive Trade Practices Act (DTPA) § 17.41 et seq.

**26.** Plaintiff is a "consumer" under the Texas DTPA, having sought services related to credit and debt collection for personal purposes. Defendant's actions, as set forth in Section V, constitute false, misleading, and deceptive acts under Tex. Bus. & Com. Code § 17.46(b), including: (1) Misrepresenting the existence of a valid debt; (2) Falsely claiming to possess the legal authority to collect the debt; (3) Reporting inaccurate credit information despite statutory disputes. **Exhibit-A. Exhibit-B.**

**27.** Defendant's conduct violates the DTPA through incorporation of the TDCA under Tex. Fin. Code § 392.404. Plaintiff seeks actual damages, treble damages upon proof of knowing violations, and attorneys' fees. **Exhibit-A. Exhibit-B.**

## COUNT III- FRAUD MISREPRESENTATION

28. Plaintiff fully incorporates herein verbatim by reference as originally stated herein, Section III. Statement of Material Facts. Fraud Misrepresentation. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*, 341 S.W.3d 323, 337 (Tex. 2011), *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam). ***SPEP Aircraft Holdings, LLC et al. v. Bombardier Aerospace Corporation***, Cause No. DC-12-14739, in the 44th Judicial District Court of Dallas County, Texas. ***Bombardier Aerospace Corporation v. SPEP Aircraft Holdings, LLC, et al.,*** Cause No. 05-16-00086-CV, Fifth Court of Appeals, Dallas, Texas. To establish fraud under Texas law, Plaintiff must show: (1) a material misrepresentation, (2) made with knowledge of its falsity or recklessness, (3) with intent to induce reliance, (4) actual and justifiable reliance by Plaintiff, and (5) injury resulting from that reliance. **Exhibit-A. Exhibit-B.**

29. Defendant Columbia Debt Recovery, LLC made an affirmative material misrepresentation by transmitting to Plaintiff a written communication, purporting to verify the existence and validity of a debt allegedly owed by Plaintiff. In this communication, Defendant produced an instrument—namely, a purported contract between Plaintiff and a third party, Kennect Phoenix—representing it as proof of indebtedness to Columbia. However, Columbia was not a party to that contract, nor did the document contain any reference to Columbia, nor any assignment or bill of sale evidencing legal authority to enforce or collect on the alleged obligation. This submission was intended to induce Plaintiff to believe that Columbia was a valid and lawful creditor. **Exhibit-D.**

**30.** At the time this representation was made, Defendant knew or should have known that the information it was providing was false, incomplete, and misleading. Defendant either possessed no legal documentation to support its claim of ownership of the alleged debt or knowingly omitted the material fact that no such transfer or assignment ever occurred. By presenting a third-party contract as though it substantiated its own collection rights, Defendant acted with at minimum a reckless disregard for the truth, if not with actual knowledge of the falsity of its claim. **Exhibit-A. Exhibit-B. Exhibit-D.**

**31.** Defendant intended for Plaintiff to rely on this false representation to deter or delay legal action and to continue collection efforts under the false pretense of creditor status. Plaintiff justifiably relied on this misrepresentation by deferring immediate litigation and by undertaking further attempts to administratively resolve the dispute. At the time, Plaintiff had no access to documentation establishing the falsity of Columbia's claim and reasonably interpreted the response as indicative of a genuine, enforceable debt. As a result of the Plaintiff relying on the materials provided by Columbia Debt Recovery, Plaintiff has initiated this lawsuit to address such misrepresentations or representations made by Defendant.

**32.** As a direct and proximate result of Defendant's fraudulent misrepresentation, Plaintiff sustained actual and consequential damages. These include reputational harm, emotional distress, financial loss, and the loss of a significant business transaction exceeding $117,000. The misrepresentation of debt ownership and the continued reporting of inaccurate credit information materially impaired Plaintiff's creditworthiness and contributed to Plaintiff's exclusion from an investment opportunity that was both time-sensitive and financially significant. **Exhibit-C. Exhibit-E.**

**33.** Under Texas law, fraud of this nature supports an award of actual damages, consequential damages, and exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a), as Defendant's conduct was knowing, intentional, and fraudulent. The record, as pleaded and to be further supported by documentary evidence and witness testimony, shows a calculated effort by Defendant to mislead and manipulate Plaintiff in violation of established legal duties. Accordingly, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff on this count, and award all such legal and equitable relief as is just and proper.

## <u>COUNT IV- FRAUD NON-DISCLOSURE</u>

**34.** Plaintiff fully incorporates herein verbatim by reference as originally stated herein, Section V. Statement of Material Facts. Fraud Non-Disclosure. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*, 341 S.W.3d 323, 337 (Tex. 2011), *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam). ***SPEP Aircraft Holdings, LLC et al. v. Bombardier Aerospace Corporation***, Cause No. DC-12-14739, in the 44th Judicial District Court of Dallas County, Texas. ***Bombardier Aerospace Corporation v. SPEP Aircraft Holdings, LLC, et al.,*** Cause No. 05-16-00086-CV, Fifth Court of Appeals, Dallas, Texas.

**35.** Under Texas law, fraud by non-disclosure arises where: (1) the defendant failed to disclose material facts, (2) the defendant had a duty to disclose, (3) the facts were known to the defendant, (4) the plaintiff did not know of the facts, (5) the defendant intended to induce the plaintiff to act or refrain from acting, and (6) the plaintiff relied and suffered damages.

**36.** When a party voluntarily makes a partial disclosure or communicates in a manner intended to induce reliance, a **duty to disclose the whole truth** arises. See *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). **Exhibit-A. Exhibit-B.**

**37.** Here, Defendant Columbia Debt Recovery, LLC, had both a **common law and statutory duty** to disclose whether it owned, was assigned, or had any legal authority to collect on the alleged debt when it received a formal **written dispute and demand for verification** from Plaintiff pursuant to **15 U.S.C. § 1692g(b)** of the **Fair Debt Collection Practices Act (FDCPA) and 15 U.S.C. § 1681i and § 1681s-2(b)** of the **Fair Credit Reporting Act (FCRA).**

   a. **15 U.S.C. § 1692g(b)** requires that upon receipt of a consumer's written dispute, a debt collector "shall cease collection… until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor."

   b. **15 U.S.C. § 1681s-2(b)** mandates that, after notice of a dispute, the furnisher of credit information must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency," and "report the results of the investigation to the consumer reporting agency."

   c. **Tex. Fin. Code § 392.202(a)** provides that a consumer may dispute the accuracy of a debt and request correction; subsection (b) imposes a duty on the debt collector to investigate and notify the consumer of results within 30 days.

**38.** In response to Plaintiff's formal notice dated April 1, 2025, Defendant produced a contract between Plaintiff and a third-party entity, **Kennect Phoenix,** which neither referenced

Columbia Debt Recovery, LLC, nor contained any assignment, bill of sale, or legal transfer

of interest. Defendant failed to disclose that it lacked privity of contract and had no valid

creditor status — facts which were material and exclusively within Defendant's knowledge.

39. Despite the absence of ownership or legal authority to collect, Defendant continued to report

the alleged debt to one or more consumer reporting agencies, thereby inducing Plaintiff to

refrain from further legal action or additional dispute filings, and causing harm including lost

business opportunity exceeding $117,000 and reputational injury. **Exhibit-E. Exhibit-B.**

40. This nondisclosure was knowing and intentional. By providing partial documentation without

full disclosure of its lack of legal standing or debt ownership, Defendant triggered a duty to

disclose the whole truth under Texas law. See *Schlumberger Tech. Corp. v. Swanson*, 959

S.W.2d 171, 181 (Tex. 1997). ***SPEP Aircraft Holdings, LLC et al. v. Bombardier Aerospace***

***Corporation***, Cause No. DC-12-14739, in the 44th Judicial District Court of Dallas County,

Texas. ***Bombardier Aerospace Corporation v. SPEP Aircraft Holdings, LLC, et al.,*** Cause

No. 05-16-00086-CV, Fifth Court of Appeals, Dallas, Texas. **Exhibit-C. Exhibit-B.**

41. Plaintiff respectfully requests judgment against Defendant for actual damages, consequential

damages, punitive and exemplary damages, pre- and post-judgment interest, and all costs of

court. **Exhibit-A. Exhibit-B. Exhibit-C. Exhibit-D. Exhibit-E.**

42. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully avers that the foregoing

causes of action—each independently and collectively—establish Defendant's knowing,

willful, and unlawful conduct under Texas and federal law, including but not limited to the

Texas Debt Collection Act, Texas Deceptive Trade Practices Act, Fair Credit Reporting Act,

Fair Debt Collection Practices Act, and Texas common law principles of fraud and

non-disclosure.

## IV.    DAMAGES

43. As a result of Defendants actions and omissions as set forth herein, Plaintiffs sustained the following damages, for which Plaintiffs seek judgment against Defendants:

    a.  Actual damages in the amount of $117,000.00

    b.  Statutory Damages;

    c.  Exemplary Punitive damages;

    d.  Pre-judgment penalty and post judgment interest; and

    e.  Reasonable expenses and costs of court.

## V. EXEMPLARY DAMAGES

44.  Additionally, Plaintiff would show that Defendants actions were intentional, fraudulent, malicious, and in bad faith, justifying the imposition of exemplary damages against Defendants.

## VI. CONDITIONS PRECEDENT SATISFIED

45. Plaintiff has fully or substantially performed all acts necessary to perfect and establish all claims and causes of action asserted in this lawsuit.

46. All conditions precedent to Plaintiff's right to recover on any of the claims and causes of action asserted in this lawsuit have been discharged, satisfied or fully performed.

## VII. RULE 47 STATEMENT

47. Pursuant to Rule 47(b) of the Texas Rules of Civil Procedure, damages are within he jurisdictional limits of this Court. Further, Plaintiff is required by Rule 47(c) to state the dollar amount of damages that represent Plaintiff's harms and losses due to Defendant's conduct. The legislative history of this requirement indicates that it is for record-keeping

purposes, and statistical purposes only, for lawsuits filed in the State of Texas. Plaintiff's

counsel states that Plaintiff seeks monetary relief, of which the maximum harms, losses, and

damages of any type are less than $200,000 at this time. The amount of monetary relief

actually accessed by the Honorable Judge, however, will ultimately be determined by the

fact-finder after hearing all the evidence presented.

## VIII. NON-JURY TRIAL

**48.** The Plaintiff hereby requests a non-jury trial, trial by Honorable Judge pursuant to Rule 216

of Texas Rules of Civil Procedure. Furthermore, Plaintiff respectfully reserves their right to a

jury trial in this matter should such be deemed appropriate at a latter stage.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants as follows:

a) Upon trial, judgment against Defendants for the full amount of Plaintiffs' actual damages (past, future, special, direct) and Statutory damages as found by the trier of facts;

b) Exemplary Punitive damages as found by the trier of facts;

c) Prejudgment and post-judgment interest at the highest lawful rates in Harris County, Texas.

d) All costs of court;

e) Any and all further relief to which Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

/S/. *Andrew Roach*

Andrew Roach, Plaintiff, Pro Se,

2917 Lake Forest Dr, Upper Marlboro, MD 20774

P: 424-420-5550 / drewroach37@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a correct, true and full copy of the foregoing has been served on all Parties, in

this Cause, in this action.

Respectfully Submitted,

/S/. _*Andrew Roach*_

Andrew Roach, Plaintiff, Pro Se,

2917 Lake Forest Dr, Upper Marlboro, MD 20774

P: 424-420-5550 / drewroach37@gmail.com