UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDREW ROACH,<br><br>   Plaintiff,<br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC,<br><br>   Defendant. | Civil Action No. 4:25-cv-03221 |

## DEFENDANT COLUMBIA DEBT RECOVERY, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant COLUMBIA DEBT RECOVERY, LLC ("Defendant") hereby answers the Amended Complaint (filed at ECF Nos. 5 and 14) of Plaintiff ANDREW ROACH ("Plaintiff") as follows:

### STATEMENT OF RELIEF SOUGHT

1. Defendant admits that Plaintiff seeks monetary relief within the jurisdictional limits of this Court. Defendant denies that Plaintiff is entitled to monetary relief.

### DISCOVERY CONTROL PLAN

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Amended Complaint, which also constitute legal conclusions.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Amended Complaint, which also constitute legal conclusions.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Amended Complaint.

5. Defendant admits that it is a Washington limited liability company and that it has a business address of 906 SE Everett Mall Way, Suite 301, Everett, WA 98208. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Defendant denies that it has any alter egos and that any piercing of the corporate veil is warranted. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 of the Amended Complaint.

## JURISDICTION & VENUE

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Amended Complaint, which also constitute legal conclusions.

## STATEMENT OF MATERIAL FACTS

8. Defendant denies any improper credit reporting. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Amended Complaint.

9. Defendant admits that it received a communication from Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Amended Complaint.

10. Defendant admits that it mailed documents to Plaintiff, including but not limited to an apartment lease contract. Defendant alleges the documents speak for themselves. Defendant

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Amended Complaint.

11. Defendant denies any improper credit reporting. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Amended Complaint.

13. Defendant admits that it mailed documents to Plaintiff, including but not limited to an apartment lease contract. Defendant alleges the documents speak for themselves. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Amended Complaint.

14. Defendant denies any improper credit reporting. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

## COUNT I

19. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 19 of the Amended Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Amended Complaint, which also constitute legal conclusions.

21. Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24. Defendant denies that Plaintiff is entitled to any damages or other relief, and further denies any remaining allegations in Paragraph 24 of the Amended Complaint.

**COUNT II**

25. Defendant incorporates by reference all of its responses set forth above, and denies the allegations in Paragraph 25 of the Amended Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Plaintiff is a 'consumer' under the Texas DTPA, having sought services related to credit and debt collection for personal purposes." Defendant denies the remaining allegations in Paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

**COUNT III**

28. Defendant incorporates by reference all of its responses set forth above. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

## COUNT IV

34. Defendant incorporates by reference all of its responses set forth above. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Amended Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Amended Complaint, which also constitute legal conclusions.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Amended Complaint, which also constitute legal conclusions.

37. Defendant denies any violations of the FDCPA or FCRA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 of the Amended Complaint, which also constitute legal conclusions.

38. Defendant admits that it mailed documents to Plaintiff, including but not limited to an apartment lease contract. Defendant alleges the documents speak for themselves. Defendant denies the remaining allegations in Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41. Defendant denies that Plaintiff is entitled to any damages or other relief, and further denies any remaining allegations in Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

## DAMAGES

43. Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

## EXEMPLARY DAMAGES

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

## CONDITIONS PRECEDENT

45. Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

## RULE 47 STATEMENT

47. Defendant denies that Plaintiff has suffered any damages. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 of the Amended Complaint.

## NON-JURY TRIAL

48. Defendant admits that Plaintiff requests a non-jury trial.

## PLAINTIFF'S PRAYER FOR RELIEF

49. Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer or elsewhere in the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

**THIRD AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that the damages alleged in Plaintiff's Amended Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or other persons, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct and/or the conduct of other persons contributed to the cause of said alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's Amended Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent he lacks standing and/or jurisdiction to assert them.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that if it is assumed, arguendo, that Defendant violated a statute as alleged in Plaintiff's Amended Complaint, which presupposition Defendant denies, such violation was not intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that some or all of Plaintiff's state law claims are, or may be, preempted by federal law.

## NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

## TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

## RESERVATION OF RIGHTS

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for a Judgment in its favor and/or that Plaintiff's Amended Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

Respectfully submitted,

**LAW OFFICES OF KEITH WIER, PLLC**

  s/Keith Wier
Keith Wier
SBN: 21436100
15150 Preston Road, Suite 300
Dallas, TX 75248
Email: kwier@keithwierlaw.com
Phone: (214) 540-6690
Attorney for Defendant Columbia Debt Recovery, LLC

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of July 2025 a true and correct copy of the foregoing was served through CM/ECF and through email as specified below.

**Via Email: drewroach37@gmail.com**
**Andrew Roach**

　　　　　　　　　　　　　　　　　　　　*s/Keith Wier*
　　　　　　　　　　　　　　　　　　　　**Keith Wier**