

15150 Preston Road, Suite 300
Dallas, Texas 75248

Tuesday, July 15, 2025

**Via: <u>ECF/CM Filing to the Court</u>**
**CC: Mr. Andrew Roach**
**drewroach37@gmail.com**

Your Honor,


Please let this letter serve as Defendant Columbia Debt Recovery, LLC's response to Plaintiff's request for a Pre-Motion Conference with respect to Plaintiff's contemplated Motion to Remand, pursuant to the Court's Procedures section 6(B).

Defendant believes that motion practice with respect to the remand issue will not be a useful expenditure of the Court's and the parties' time and resources.  If the Court is inclined to schedule a Pre-Motion Conference, Defendant respectfully requests that the Pre-Motion Conference be held via telephone.

The basis of Plaintiff's contemplated motion is that Plaintiff has seemingly dismissed the federal claims alleged in the original Complaint (*see* ECF No. 3) and also filed an Amended Complaint which appears to omit these federal claims (*see* ECF Nos. 5 and 14).  Therefore, Plaintiff argues, this Court no longer has subject matter jurisdiction to adjudicate this dispute.

However, in the Fifth Circuit, it is well-established that jurisdiction is determined at the time of removal, and subsequent events, such as the dismissal of federal claims, do not divest the federal District Court of jurisdiction.  *16 Front St., LLC v. Miss. Silicon, LLC*, 886 F.3d 549, 559 (5th Cir. 2018) ("[O]nce a case is properly removed, the district court retains jurisdiction *even if* the federal claims are later dropped.")

Here, Defendant properly removed this case because Plaintiff alleged federal claims under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.  ECF No. 1-1, ¶¶ 28-33.  Plaintiff states he has now dropped his federal claims (apparently for tactical reasons) but as held by the Fifth Circuit, this does not divest the Court of jurisdiction.

Furthermore, even though Plaintiff no longer asserts a federal claim, this Court nevertheless has mandatory diversity jurisdiction over this case.  District Courts have diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states.  28 U.S.C. § 1332; *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011).



15150 Preston Road, Suite 300
Dallas, Texas 75248

Here, both the original Complaint and the Amended Complaint allege that Plaintiff "is an individual residing in Harris County, Texas," and that Defendant "is a limited liability company organized under the governing laws of the State of Washington and has its headquarters at 906 SE Everett Mall Way, Suite 301, Everett, WA 98208, United States." ECF No. 1-1, ¶¶ 4-5; ECF No. 14, ¶¶ 4-5. Plaintiff alleges actual damages of $117,000 plus statutory damages and punitive damages, *i.e.*, well over the $75,000 minimum. ECF No. 1-1, ¶ 49; ECF No. 14, ¶ 43. Accordingly, this Court has diversity jurisdiction and "the exercise of that jurisdiction is mandatory." *Cuevas*, 648 F.3d at 250.

Plaintiff also argues that Defendant was in default in state court prior to the removal. This argument is irrelevant and lacks merit for multiple reasons.

First, the state court did not actually enter default.

Second, "a defendant has the ability to remove a case to federal court where an entry of default or default judgment has previously been entered in state court." *Slaieh v. Zeineh*, 539 F. Supp. 2d 864, 866 n.2 (S.D. Miss. 2008).

Third, after the removal, Plaintiff filed an Amended Complaint (ECF No. 14) which superseded the original Complaint. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

Fourth, Defendant filed an Answer to Plaintiff's Amended Complaint today (July 15, 2025), 5 days after removal. Consequently, even if any default issues existed previously, they have now been cured. *Wilson v. Kemper Corp. Servs.*, 635 F. Supp. 3d 506, 519 (S.D. Miss. 2022) ("F.R.C.P. 81(c)(2)(C) permits defendants who failed to answer prior to removal to do so within 7 days following removal. Such an answer can be effective, even if the defendant missed the state-court deadline to answer.").

Based on the foregoing, Defendant believes that Plaintiff's contemplated Motion to Remand will unnecessarily consume the time and resources of the Court system and the parties. In Defendant's view, judicial economy and efficiency will be better served if the parties are allowed to move forward in this Court such that this matter can be adjudicated on the merits.

Thank you for your consideration of the foregoing.



15150 Preston Road, Suite 300
Dallas, Texas 75248

My very best,


 */s/ Keith Wier*

Keith Wier, Esq.
Law Offices of Keith Wier, PLLC.
Phone: (214) 540-6690
Email: kwier@keithwierlaw.com