IN THE UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JUL 16 2025
Nathan Ochsner, Clerk of Court

ANDREW ROACH, )
*PLAINTIFFS* )
) CIVIL ACTION NO. **4:25-CV-03221**
V. )
COLUMBIA DEBT RECOVERY, )
*DEFENDANT* )

*July 15, 2025*

Via filing with the Clerk of Court
To the Hon. George C. Hanks, Jr.
United States District Judge
Southern District of Texas- Houston Division

Via Case Manager: Kimberly Picota.
United States District Clerk's Office
515 Rusk St, 5300, Houston, Texas 77002
(e): cm4147@txs.uscourts.gov / 713-250-5406

*Re: Andrew Roach v. Columbia Debt Recovery LLC, Civil Action No. 4:25-cv-003221, In the United States District Court for the Southern District of Texas, Houston Division, The Hon. George C. Hanks, Jr. presiding. Plaintiff's* **Reply to Defendants** *meritless response filed on July 15, 2025.*

Greetings Hon. Hanks,

    I Plaintiff, Andrew Roach, appears in this matter before the Hon. Court, representing *pro se* on behalf of Andrew Roach. On July 15, 2025, Defendants filed a meritless and baseless response. Rather than addressing the material facts, Defendants rely solely on legal argument. Plaintiff will cite well-established *stare decisis* from federal courts—particularly this Court—holding that remand to state court is proper where no federal claim is stated. As previously noted, Defendants now seek to use this Court as a refuge following their default judgment posture in state court.

    Under **28 U.S.C. § 1447(c)**, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Where all federal claims are dismissed or withdrawn, and only state law claims remain, federal jurisdiction Under **28 U.S.C. § 1331** no longer exists. See ***Carnegie-Mellon Univ. v. Cohill***, 484 U.S. 343, 350 n.7 (1988) **"Federal court may decline to exercise supplemental jurisdiction when all federal**

claims have been dismissed". *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

Plaintiff has expressly non-suited all federal claims, and the operative claims arise solely under Texas law. As such, no federal question remains, and this Court lacks subject matter jurisdiction. *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994): *"The district court has broad discretion in determining whether to retain jurisdiction over pendent state law claims once all federal claims are dismissed."*. Defendant's only aim is to prejudice Plaintiff by buying time. This is evident from the July 10, 2025 email in which Defendant's counsel requested more time—after default had already occurred—and Plaintiff expressly declined. The subsequent Notice of Removal misrepresents material facts and compounds Defendant's procedural misconduct. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986) "Remanding where removal is used tactically to avoid state court proceedings". Moreover, this Court should not permit Defendant to manufacture federal jurisdiction as a post-default refuge from accountability under Texas law.

This Court has well established in both practice and theory that by both the statutory limitations of 28 U.S.C. § 1447(c), operative complaint, and controlling *precedent* this Cause warrants Remand where federal claims are extinguished and no independent basis for federal jurisdiction remains. In *Spears v. Ford Motor Co.*, (S.D. Tex. Oct. 5, 2023), the Hon. Court—Granted the plaintiff's motion to remand after the voluntary dismissal of all federal claims post-removal. The court held that *"[w]here all federal claims have been eliminated and no independent basis for federal jurisdiction remains, remand to state court is appropriate."* This controlling authority is squarely applicable here, Plaintiff's operative Amended Petition contains exclusively state law claims, and no other basis for federal jurisdiction exists. Moreover, the basis for Plaintiff's original relief was not centered around federal questions and did not require federal questions to be addressed for it to stand on its own merits. In **State of Texas v. Google, LLC, No. 4:22-cv-00636**, Hon. Judge Hanks Granted the motion to remand after concluding the federal court lacked jurisdiction and the state law claims were best adjudicated in state court. The case was removed on federal statutory grounds, yet Judge Hanks emphasized the necessity of a valid federal question at the time of adjudication—not merely at the time of removal.

Similarly, here, the Plaintiff's Amended Petition has no federal basis, and remand is warranted. In **Carter v. Chevron U.S.A., Inc., No. 4:22-cv-03570**, the Southern District of Texas reiterated that jurisdiction cannot be artificially extended beyond what federal law allows. After Chevron removed the case, the court found no ongoing federal issue and remanded.

This parallels Defendant's post-default attempt here to delay adjudication by improperly invoking federal jurisdiction despite the Plaintiff's remaining claims being rooted solely in Texas law. In **Breland v. Law Office of Debra Jennings, PLLC, No. 4:22-cv-3284**, Judge Hanks remanded a case where premature removal was made without satisfying federal jurisdictional prerequisites. He further struck a procedurally deficient motion, reinforcing that federal courts strictly enforce rules regarding removal and jurisdiction. The same procedural defects plague the

instant case, as the Defendant removed the case *after* default and failed to assert any meritorious jurisdictional basis.

   In *Smethers v. Bell Helicopter Textron Inc.*, **No. 6:16-cv-58**, remand was granted because the Plaintiff's post-removal actions clarified that no federal jurisdiction remained. Just as in Smethers, Plaintiff here has eliminated all federal claims, removing the jurisdictional "hook" required to justify federal adjudication. In *Valles v. Bayou Place, L.P.,* **No. 4:19-cv-01725,** Judge Hanks again remanded a matter when the case presented no federal question and was better suited for state court resolution. This aligns with the principle that federal courts should refrain from exercising supplemental jurisdiction where state claims predominate and no federal claims remain.

   The United States Supreme Court in *Carnegie-Mellon University v. Cohill,* **484 U.S. 343, 350 n.7 (1988)** held that federal courts may decline to exercise supplemental jurisdiction when federal claims are dismissed. This principle is firmly embedded in jurisprudence and prioritizes comity and judicial economy. Here, Plaintiff's withdrawal of federal claims renders the exercise of supplemental jurisdiction discretionary at best—but impermissible where procedural abuse and default are evident. The Fifth Circuit in *Parker & Parsley Petroleum Co. v. Dresser Industries,* **972 F.2d 580, 585 (5th Cir. 1992)** held that the removal statute should be strictly construed and remand is favored once federal claims are removed. Plaintiff's amendment extinguished the federal questions, thus triggering this precedent in full force.

   Plaintiff filed on or about July 10, 2025, their amended original petition solely to remove two of the six (6) counts in his original petition which cited potential 'federal questions' and plaintiff removed any ambiguity as to whether this should be a State Court or Federal Court jurisdiction Cause. Plaintiff did not amend, alter, or change the allegations, facts, or Four (4) State Counts/ Claims cited against Columbia Debt Recovery LLC as of June 2, 2025, in their original petition or amended original petition. As of or about July 10, 2025, the Amended Original Petition—now the operative complaint in both this Court and the 125th District Court of Harris County—contains only state law causes of action. No federal questions remain before this Court. *State of Texas v. Google, LLC,* No. 4:22-cv-00636, *Carter v. Chevron U.S.A., Inc.,* No. 4:22-cv-03570, *Breland v. Law Office of Debra Jennings, PLLC,* No. 4:22-cv-3284, *Smethers v. Bell Helicopter Textron Inc.,* No. 6:16-cv-58, *Valles v. Bayou Place, L.P.,* No. 4:19-cv-01725, *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7 (1988), *Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir. 1992). *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1986).

*Respectfully Submitted,*

/s/  *Andrew Roach*

Andrew Roach, Plaintiff, Pro Se,

2917 Lake Forest Dr, Upper Marlboro, MD 20774

P: 424-420-5550 / drewroach37@gmail.com