United States District Court
Southern District of Texas

**ENTERED**

September 08, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW ROACH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-3221 |
| | § | |
| COLUMBIA DEBT RECOVERY LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER REMANDING CASE

Plaintiff has voluntarily dismissed all of his federal causes of action. (Dkt. 14). All federal causes of action brought by Plaintiff are accordingly **DISMISSED WITHOUT PREJUDICE**.

Having dismissed all federal causes of action in this case, the Court will decline to exercise supplemental jurisdiction over Plaintiff's claims under Texas state law. Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that discretion is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The factors listed in 28 U.S.C. § 1367(c) are:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d at 346. The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Having considered the statutory and common-law factors, the Court will follow the general rule, decline to exercise supplemental jurisdiction over Plaintiff's claims under Texas law, and remand those claims to state court. Plaintiff's claims under Texas state law are **REMANDED** to the 125th Judicial District Court of Harris County, Texas, where this case was originally filed and assigned case number 2025-38552.[1]

All pending motions are **DENIED AS MOOT**.

---

[1] Defendant did not remove this case to this Court under the diversity jurisdiction statute; but the Court further notes that, on this record, Defendant has failed to carry its burden of establishing by a preponderance of the evidence that this Court has diversity jurisdiction over this case.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 125th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas on September 8, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE